# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WILLIAM HALL, | ) | CASE NO. 5:22-cv-580 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| JUDGE TAMMY O'BRIEN, *et al*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff James William Hall ("Hall") filed this action under 42 U.S.C § 1983 against Summit County Common Pleas Court Judge Tammy O'Brien, Akron Municipal Court Magistrate Judge Tamara J. Todd, Attorney James Silver, Attorney Donald Gallick, and the Ohio Court of Claims (collectively, "defendants"). In the complaint, Hall challenges a state court decision regarding payment of attorney fees to Silver. He seeks to relitigate that matter in this Court and asserts claims for breach of contract and violation of unspecified constitutional rights. He requests monetary damages. (*See generally* Doc. No. 1 (Complaint).)

## I. BACKGROUND

Hall's complaint is difficult to decipher. Hall hired Attorney Silver to represent him in three cases: (1) a dog bite case, *Hall v. Gulick*, No. CV-2006-08-5389 (Summit Cnty. Ct. Comm. Pl. 2006); (2) an attorney fee dispute in a black mold case, *Hill, Hardman and Oldfield v. Gilbert*, No. CV-2008-07-5101 (Summit Cnty. Ct. Comm. Pl. 2008); and (3) an attorney malpractice case,

*Hall v. Gilbert*, No. CV-10-730009 (Cuyahoga Cnty. Ct. Comm. Pl. Feb. 11, 2014). The present complaint appears to center on Hall's dispute of the payment of Silver's fees in these cases.

### A.    Dog Bite Case - *Hall v. Gulick*, No. CV-2006-08-5389

Another attorney filed this action in the Summit County Court of Common Pleas in 2006. The court granted judgment in favor of Hall in the amount of $27,186.14. After obtaining the judgment, the attorney representing Hall could not locate Gulick. Hall hired Attorney Silver to collect the judgment in 2014 for a contingency fee. Silver filed a receiver and transferred the judgment in 2014 but was unable to find Gulick and withdrew from the case in 2015. Silver maintained that he did not collect fees on this case because he was only getting paid on a contingent basis and the judgment was unable to be collected.

### B.    Attorney Fee Dispute in a Black Mold Case - *Hill, Hardman and Oldfield v. Gilbert*, No. CV-2008-07-5101

In 2008, Hall hired Attorney Edward Gilbert to represent him in a black mold case. Unsatisfied with Gilbert's representation, he fired Gilbert and hired the law firm of Hill, Hardman and Oldfield. This new law firm settled the case. Gilbert then sent a letter to the law firm asking for $12,000.00 of the settlement money as payment for the legal work he had done on the case. Attorney Hill filed an interpleader asking the trial court to determine whether the fee should be paid. Attorney Hill decided that he could not represent Hall in that action so Hall retained Attorney Silver to represent him in the interpleader in October 2009. They agreed upon a fee of $175.00. Silver contends it was an hourly rate.  Hall contends it was a flat fee.

Silver did work for Hall on the interpleader, which included trial preparation, a day long trial, preparation of an appellate brief, oral argument before the Ohio Court of Appeals, and a half day trial after the case was remanded to the trial court. The trial court journalized its order on

2

November 23, 2009. Hall gave Attorney Silver a check for $6,300.00 for his attorney fees and a check for $64.00 as reimbursement for filing fees. Those checks were issued on November 25, 2009.

### C.    Attorney Malpractice Case - *Hall v. Gilbert*, No. CV-10-730009 (Cuyahoga Cnty. Comm. Pl. Ct. Feb. 11, 2014)

On June 23, 2010, Silver filed an attorney malpractice action against Gilbert pertaining to Gilbert's representation of Hall in an employment discrimination case. Gilbert obtained an $800,000.00 judgment for Hall but agreed to accept $450,000.00 after the employer declared bankruptcy. After the deduction of attorney fees, Hall received $214,795.59 on his judgment. Hall retained Silver in 2010 and filed the malpractice action against Gilbert and his law firm. The parties eventually settled the case. Hall contends they eventually received $ 77,000.00, although it is not clear whether this was the total amount of the settlement or just the amount paid to Silver for his services.

### D.    Hall's Actions Filed against Silver

In 2017, Hall disputed the attorney fee payments to Silver by filing an action against Silver in the Akron Municipal Court. *Hall v. Silver*, No. 17 CVI 1750. He was represented by Attorney Donald Gallick.  In that action, Hall claimed that the payment he had given to Silver for $6,364.00 was for collection of the judgment in the dog bite case, rather than the work he performed in the fee dispute in the black mold case. The case went to trial before Magistrate Judge Tamara J. Todd on November 16, 2018. Magistrate Judge Todd determined that the check written in November 2009 could not have been issued for work that had been contracted for in 2014, but rather was for the work that concluded just two days before the check was written. She also determined that the amount of the check was proportionate to the amount owed on the hourly bill in the black mold

3

fee dispute. She granted judgment in favor of Silver. Hall appealed that judgment to the Ohio Court of Appeals and the Supreme Court of Ohio. Both courts affirmed the trial court's judgment in favor of Silver.

Undeterred, Hall filed another case against Silver in the Summit County Court of Common Pleas. *Hall v. Silver*, No. CV-2020-12-3325 (Summit Cnty. Ct. Comm. Pl. 2020). That case, assigned to Judge Tammy O'Brien, is still pending. This case is also based on the dispute over the $6,364.00 Hall paid to Silver in attorney fees.

Hall has now filed this case in federal court again contesting the payment of the $6,364.00 in attorney fees to Silver. He claims his agreement for payment of fees was a flat $175.00 and not $175.00 per hour. He indicates Silver was paid from the settlement in *Hall v. Gilbert*. He contends that the $6,364.00 he paid to Silver was for his collection of the judgment in the dog bite case, and not for his trial and appellate work in the black mold inter pleader case. He claims Silver made untrue statements in the course of his other actions and asserts that Silver violated his constitutional rights. He also seeks damages against Magistrate Judge Tamara Todd and Judge Tammy O'Brien for orders and decisions rendered in his prior actions.

The State of Ohio (Court of Claims), Silver, Todd, and O'Brien each filed a motion to dismiss and/or motion for judgment on the pleadings. (Doc. Nos. 9, 10, 17, and 26, respectively.) The State of Ohio and Magistrate Judge Todd both claim they are entitled to immunity for suits for damages. The State of Ohio also claims the Court of Claims is not *sui juris*. Todd contends that the statute of limitations for filing an action under 42 U.S.C. § 1983 expired prior to the initiation of this action making it untimely. Silver asserts that the merits of this action have already been

litigated in state court and this case is barred by *res judicata*. All defendants assert that Hall failed to state a claim upon which relief may be granted.

## II.  STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the court is to test the legal sufficiency of the complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and later in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) clarified the law regarding what the plaintiff must plead in order to survive a motion to dismiss under Rule 12(b)(6).

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

The Supreme Court in *Iqbal*, 556 U.S. at 677–78, further explained the "plausibility" requirement, stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal,* 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Sixth Circuit has held that a court may consider allegations contained in the complaint, as well as exhibits attached to or otherwise incorporated in the complaint, all without converting a motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). A district court may also take judicial notice of certain public records, including dockets and filings in other cases, on a Rule 12(b)(6) motion. *See Passa v. City of Columbus*, 123 F. App'x 694, 695 (6th Cir. 2005).

Furthermore, district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

## III.  ANALYSIS

As an initial matter, the issue in this case is nothing more than a contract dispute between Hall and Silver regarding the payment of fees for legal representation. Contract disputes are

matters of state law, not federal law, and do not invoke federal court jurisdiction unless diversity of citizenship is present, which is not the situation here. Hall attempts to invoke federal court jurisdiction by citing 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) a state government official or entity (2) violated a particular constitution right. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). Hall, however, does not identify a particular constitutional right he believes the defendants violated and none is apparent on the face of the complaint. Absent that critical element, Hall fails to state a claim upon which relief may be granted under § 1983.

Furthermore, none of the defendants are subject to suit under 42 U.S.C. § 1983. Silver and Gallick are private attorneys retained by plaintiff to represent him in civil matters. Privately retained attorneys are not considered state government officials under 42 U.S.C. § 1983. *Washington v. Brewer*, No. 91-1935, 1991 WL 243591, at *1 (6th Cir. Nov. 21, 1991); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 321, 102 S. Ct. 312, 70 L. Ed. 2d 509 (1981). In addition, judges are absolutely immune from suits for damages based on decisions they made in the court of a case over which they presided. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Although Hall does not identify any particular claim asserted against Judges O'Brien and Todd, his only allegations pertain to their decisions in the cases before them. They are absolutely immune from suits for damages that are based on these decisions. Finally, the Ohio Court of Claims is not *sui juris*, meaning it is not an entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Black v. Montgomery Cnty. Comm. Pl. Ct.*, No. 3:18-cv-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018). Even if those claims could be construed against the State

of Ohio, the Eleventh Amendment is an absolute bar to suits for damages against the State. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Hall's only basis for federal court jurisdiction was his claims under 42 U.S.C. § 1983. As those claims are dismissed, his basis for federal court jurisdiction is gone as well. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). The court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Hall's federal law claims, this Court declines jurisdiction to hear Hall's state law claims for breach of contract.

Finally, even if this Court exercised supplemental jurisdiction over Hall's breach of contract claims, they are barred by *res judicata*.  The term "*res judicata*" literally means "a matter [already] judged." The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata*, therefore, precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars re-litigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.*

The issues raised by Hall were already fully litigated and appealed in the state court case of *Hall v. Silver*, No. 17-CVI-1750 filed in the Akron Municipal Court. Magistrate Judge Todd already determined that Hall and Silver agreed to an hourly rate of $175.00, not a flat fee of $175.00. She determined that Hall paid Silver $6,364.00 as attorney fees for his trial and appellate work in the fee dispute in *Hill, Hardman and Oldfield v. Gilbert*, No. CV-2008-07-5101 (Summit Cnty. Ct. Comm. Pl. 2008) and not the collection of the judgment in the dog bite case, *Hall v. Gulick*, No. CV-2006-08-5389 (Summit Cnty. Ct. Comm. Pl. 2006). *Res judicata* bars Hall from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). He cannot bring those same claims to this Court in an attempt to get a different result from that which he received in the state courts.

### IV.   CONCLUSION

For all the foregoing reasons, defendants' motions to dismiss (Doc Nos. 9, 10, 17, and 26) are granted. This action is dismissed under Federal Civil Procedure Rule 12(b)(6) and *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In light of the dismissal of plaintiff's claims, plaintiff's motions (Doc. Nos. 15, 21, 23, 27, and 28) are denied as moot. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 13, 2022

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

9